UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANGELA M. C.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

CASE NO. 2:25-CV-2051-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant's denial of her application for supplemental security income ("SSI").[1] The Court concludes that the Administrative Law Judge ("ALJ") erred in evaluating certain medical opinion evidence. Had the ALJ properly considered this evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations, or the ultimate determination of disability may have changed. The ALJ's error, therefore, is not harmless, and this matter is

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

## I.    Procedural History

Plaintiff filed her application for SSI on March 16, 2020, alleging disability as of September 1, 2008. Dkt. 11, Administrative Record ("AR") 88–89. Her claim was denied initially on January 22, 2021, and upon reconsideration on December 13, 2022. AR 88, 108. A hearing was held before ALJ Howard Prinsloo ("the ALJ") on April 30, 2024, who issued a decision finding Plaintiff not disabled from the protective filing date, March 16, 2020, through the date of the decision, April 25, 2025. AR 19–36. The Appeals Council denied Plaintiff's request for review on August 21, 2025, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1. From this decision, Plaintiff filed a complaint with this Court on October 24, 2025, seeking judicial review of the ALJ's decision denying benefits. Dkt. 6.

## II.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

**III.    Discussion**

Plaintiff argues that the ALJ erred in evaluating: (1) certain medical opinion evidence; (2) Plaintiff's subjective symptom testimony; and (3) certain lay witness evidence. Dkt. 16 at 1.

A.    <u>Medical Opinion Evidence</u>

First, Plaintiff argues that the ALJ erred in evaluating the medical opinions of Dr. David Widlan and Dr. Houshang Aminian. Dkt. 16 at 3–10.

For SSI applications filed after March 27, 2017, in evaluating medical opinion evidence, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. § 416.920c(a).[2] Rather, ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* The critical factors in an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* § 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. §

---

[2] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application for SSI was filed after that date, the new regulations apply. *See* 20 C.F.R. § 416.920c.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

416.920c(c)(1). A medical opinion is more "supportable," and therefore more persuasive, when the sources provide ample relevant "objective medical evidence and supporting explanations" for their medical opinion. *Id.* "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2).

Critically, an ALJ must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. § 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

1.  Dr. David Widlan, Ph.D.

Dr. Widlan conducted an evaluation of Plaintiff on March 8, 2024. AR 1783. At the evaluation, Plaintiff underwent the Wechsler Memory Scale–4th Edition Test ("WMS-IV"), which indicated that Plaintiff was in the second percentile in "Auditory Memory Index"; the 0.5th percentile in "Visual Memory Index"; the first percentile in "Visual Working Memory Index"; the 0.3rd percentile in "Immediate Memory Index"; and the first percentile in "Delayed Memory Index." AR 1785. According to Dr. Widlan, these "percentiles across the five indices, all [ ] placed [Plaintiff] in the Severely Impaired range." AR 1786.

Dr. Widlan had Plaintiff undergo a "Trail Making" test, which indicated Plaintiff was in the "Impaired range" for "Part B" of the test, a "measure of executive functioning." *Id.* Dr. Widlan noted that Plaintiff "struggled to complete the Serial 3's serial counting task and was not able to complete the Serial 7's task." AR 1787. Finally, Dr. Widlan observed that Plaintiff's

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

"behavior was noteworthy for confusion[;] [s]he could not provide time periods for life events and this caused her to become somewhat agitated. She presented as credible. She put forth above average effort on the testing portion of the evaluation." AR 1786. Pursuant to these test results and his observations, Dr. Widlan opined that Plaintiff's "results are indicative of a significant acceleration in memory problems that are likely associated with [her] prior head trauma." AR 1788–89.

The ALJ found Dr. Widlan's opinion was not persuasive. AR 32–33. Regarding supportability, the ALJ found that the opinion was not supported because Dr. Widlan "did not provide explanation or cite to evidence regarding the limitations he assessed" such as his opinion that Plaintiff "could not persist with adequate pace, but did not note findings on exam that would support an inability to persist and pace." AR 32. Moreover, the ALJ found the opinion was not supported because it was "conclusory and not expressed in vocationally relevant terms." *Id.*

As for consistency, the ALJ found that "[t]here are numerous inconsistencies between [Dr. Widlan's] exam and the consultative examination [that took place with Dr. Scholtz in December 2020], but that there is no objective evidence of any significant worsening that would account for such significant discrepancies or significant functional decline." AR 33. The ALJ asserted that Dr. Widlan "did not provide any explanation for such a decline,[3] noting only that because [Plaintiff] 'presented as credible and was clearly attempting to do her best,' that the difference 'was indicative of a significant acceleration of memory problems that are likely associated with the prior head trauma.'" *Id.*

---

[3] To the contrary, as will be discussed below, Dr. Widlan noted that "clinical literature provides ample evidence" for Plaintiff's memory degradation since 2020, due to her previous traumatic brain injury. AR 1788.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

Plaintiff argues that Dr. Widlan "emphasized that [the disparity in the results from Dr. Scholtz's testing in December 2020] did 'not render the current results invalid' and that [Dr. Widlan] was 'confident' in the validity of his own testing." Dkt. 16 at 3. Indeed, while the ALJ found that Dr. Widlan "did not provide any explanation for such a decline[,]" Dr. Widlan *did* provide an explanation for the decline in Plaintiff's memory between the examinations. AR 33, 1788–89.

Dr. Widlan opined:

> The clinical literature provides ample evidence that it is not uncommon for concussions to cause long-term memory problems and there is growing evidence that even mild head injuries can cause lasting neurocognitive deficits. It should be noted that as individuals age, the potential for an acceleration with regards to age-related cognitive decline increases because of [their] Traumatic Brain Injury.

AR 1788 (internal citations omitted). In turn, Dr. Widlan stated he was "confident that [Plaintiff's] current memory scores are valid as they were consistent with her response style during the clinical interview." *Id.*

In the decision, the ALJ does not acknowledge Dr. Widlan's explanation for the disparity in testing results—age-related cognitive decline because of Plaintiff's Traumatic Brain Injury—simply stating that "Dr. Widlan's attempt at an explanation or justification for the wide discrepancy in scores is equivocal and without any support." AR 33. This was error, and the Court does not agree. Dr. Widlan offered a reasonable explanation for the inconsistencies between the results of the evaluations—that the clinical literature provides ample evidence of patients who, like Plaintiff, suffered a traumatic brain injury and subsequently experienced "significant acceleration in memory problems that are likely associated with prior head trauma" and "age-related decline." AR 1788–89; *see also Flores v. Shalala*, 49 F.3d 562, 571 (9th Cir. 1995) (holding that an ALJ "may not reject significant probative evidence without explanation")

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

(internal quotation marks and citation omitted). Here, the ALJ does not identify any other evidence in the record that was inconsistent with Dr. Widlan's opinion, aside from the 2020 examination conducted by Dr. Scholtz, *see* AR 33,[4] and for this reason, the Court concludes that the ALJ's consistency finding was not supported by substantial evidence. *See Woods*, 32 F.4th at 792 (ALJ may not reject medical opinion evidence absent "substantial evidence").

As for the ALJ's supportability findings, Plaintiff argues that, "[c]ontrary to the ALJ's declaration that Dr. Widlan did not support his findings with his own examination results, Dr. Widlan noted numerous abnormalities that supported his opinion" including that Plaintiff's behavior at her examination "was noteworthy for confusion" and she demonstrated deficits in memory, insight and judgment, concentration, and following three-step commands. Dkt. 16 at 4. Indeed, despite well-documented test results and observations upon examination that support Dr. Widlan's opinion, the ALJ, nonetheless, claimed that his opinion was "not supported by the findings he noted on mental status exam[,]" taking issue with Dr. Widlan's findings that Plaintiff "could not persist with adequate pace," would be "overwhelmed by tasks demands" and therefore could not handle "simple social stressors." AR 32.

As discussed above, however, Dr. Widlan's opinion *was* supported by his observations of Plaintiff at the examination, including her "agitat[ion upon questioning,]" her "Severe" Impairment pursuant to the WMS-IV exam, her "Impaired Range" on the Trail-Making Test, and her difficulty completing serial threes and sevens. AR 1783–90. At bottom, the Court concludes

---

[4] The ALJ also found that other portions of Dr. Widlan's opinion were inconsistent with the record, including Plaintiff's: (1) ability to complete a simple three step task; (2) ability to complete serial three subtractions; (3) ability to recall time periods for life events; and (4) exhibiting "severe" impairment on memory assessment "with inability to identify specific time periods for life events, remember[ing] one of three objects after a five-minute lapse, and her score on digit span was borderline." AR 33. The Court observes that these alleged inconsistencies "with the record" rely upon the "the earlier consultative examination" by Dr. Scholtz in 2020, which, as discussed above, were addressed and accounted for in Dr. Widlan's proffered opinion. AR 33, 1788.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

that the ALJ's finding that Dr. Widlan's opinion lacked support, itself, is not supported by substantial evidence. *See Woods*, 32 F.4th at 792 (ALJ may not reject medical opinion evidence absent "substantial evidence"). For these reasons, the Court concludes that the ALJ erred in his evaluation of Dr. Widlan's medical opinion evidence.

Applying the harmless error analysis, the Court concludes that the ALJ's error is not harmless because, had the ALJ properly considered Dr. Widlan's opinion, the RFC or the ultimate determination of disability may have changed. AR 1789; *see Stout*, 454 F.3d at 1055; *Molina*, 674 F.3d at 1115. In light of the ALJ's failure to properly consider this medical opinion evidence, the Court concludes that this matter must be remanded to the Social Security Administration for further proceedings consistent with this order.

2.  Dr. Houshang Aminian, M.D.

Dr. Aminian appeared as an impartial medical expert at Plaintiff's supplemental hearing on March 4, 2025. AR 19, 70. Dr. Aminian testified that he found Dr. Widlan's opinion persuasive because a "battery of tests were performed, and the difficulty with memory, and they even did the trail making trail A and trail B, which is a very significant memory test" and that "there is definitely deterioration in the memory function from 2020 to 2024." AR 74.

The ALJ found Dr. Aminian's opinion was not persuasive "[f]or similar reasons" that he found Dr. Widlan's opinion not persuasive. AR 34. The ALJ found that Dr. Aminian's opinion "relied on Dr. Widlan's assessment opinion regarding [Plaintiff]'s functional limitations, particularly they were of listing level severity" but that "Dr. Widlan's opinion is not well supported or consistent with the record as a whole." *Id.* The ALJ contends that "the longitudinal treatment records [ ] do not support significant memory difficulties or the degree of limitation indicated by Dr. Widlan's report[,]" and ultimately, that "Dr. Aminian's opinion, based almost

entirely on Dr. Widlan's evaluation and opinion, that there was a deterioration in memory function from 2020 to 2024 is not sufficiently supported by his explanation and is not consistent with the record as a whole." *Id.*

Nonetheless, in making this finding, the ALJ, once again, relies *exclusively* upon the 2020 examination conducted by Dr. Scholtz, and disregards the validity of Dr. Widlan's testing. *Id.* As discussed above, however, the ALJ's findings regarding the supportability and consistency of Dr. Widlan's opinion are not supported by substantial evidence. To the extent that the ALJ discredited Dr. Aminian's opinion at the hearing based upon the results of Dr. Widlan's March 2024 evaluation, the ALJ erred, because those supportability and consistency findings by the ALJ, themselves, were not supported by substantial evidence. *Id.*

Applying the harmless error analysis, the Court concludes that, here too, the ALJ's error is not harmless because, had the ALJ properly considered Dr. Aminian's opinion, the RFC or Plaintiff's ultimate determination of disability may have changed. AR 74–75; *see Stout*, 454 F.3d at 1055; *Molina*, 674 F.3d at 1115. Due to the ALJ's failure to properly consider these medical opinions, the Court concludes that this matter must be remanded to the Social Security Administration.

B.      Remaining Issues

In light of this disposition, the Court need not address Plaintiff's remaining arguments regarding her subjective symptom testimony or the lay witness evidence because, upon remand, the ALJ is instructed to reconsider the entire Social Security evaluation process, including all of the medical opinion evidence, Plaintiff's subjective symptom testimony, and the lay witness evidence.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9

**IV.    Conclusion**

Based on the foregoing reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** for further administrative proceedings, consistent with this order.

Dated this 22nd day of June, 2026.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10